IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANGLEA P. MARTIN, | : |
| Plaintiff, | : |
| vs. | : |
| | : CIVIL ACTION 15-0127-KD-M |
| MARY M. CHAMPION and BRISTOL WEST INSURANCE COMPANY, | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant, the United States of America (hereinafter *USA*) (Doc. 3), Motion to Remand filed by Plaintiff Anglea P. Martin (Doc. 7), Motion to Dismiss by Defendant Bristol West Insurance Company (hereinafter *Bristol*) (Doc. 13), and a renewed Motion to Remand filed by Plaintiff Martin (Doc. 17) have been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  USA has invoked jurisdiction pursuant to the Federal Tort Claims Act (hereinafter *FTCA*), codified at 28 U.S.C. §§ 2671-80 (Doc. 1).  After consideration of all pleadings of record, the undersigned recommends that Plaintiff's Motion to Remand (Doc. 7) be denied, that Defendant USA's Motion to Dismiss (Doc. 3) be granted, and that Plaintiff's Motion to Remand (Doc. 17) be granted.  In connection with these recommendations, it is

further recommended that Defendants Champion and the United States of America be dismissed.  No recommendation is made as to Defendant Bristol's Motion to Dismiss (Doc. 13).

The facts are, briefly, as follows.  On December 2, 2013, Martin and Defendant Mary M. Champion, both United States Postal Service employees, were delivering mail in Wilcox County, Alabama[1] when Champion, the driver and owner of the vehicle, collided with a tree (Complaint, ¶¶ 1-2, 8-10).[2]  Plaintiff Martin was injured and, on February 11, 2015, filed this action in the Wilcox County Circuit Court, asserting claims of negligence and wantonness against Champion and breach of contract against Defendant Bristol, her automobile insurance carrier (Complaint).  On March 9, 2015, USA, substituting itself for Champion, removed this action to this Court, pursuant to 28 U.S.C. § 1442(a)(1)[3], and asserted that Defendant Champion was a

---

[1] Wilcox County falls within the jurisdiction of this Court.  28 U.S.C. § 81(c)(1).

[2] The Complaint can be found at pages seven through thirteen in document one.

[3] "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place where it is pending: The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

Postal Service employee acting with the scope of her employment at the time of the accident (Doc. 1).[4]

On March 13, 2015, USA filed a Motion to Dismiss (Doc. 3) to which Plaintiff has responded (Doc. 16).  On April 3, Martin filed a Motion to Remand (Doc. 7) to which USA has responded (Doc. 15).  On April 21, Bristol filed a Motion to Dismiss (Doc. 13); no response has been filed to this Motion.  On May 14, Martin filed a second Motion to Remand (Doc. 17) to which USA has responded (Doc. 19).

The Court must first determine that it has jurisdiction over this action.  In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008).  In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy that must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality*

---

[4]The Court notes Defendant Bristol played no part in removing this action (*see* Doc. 1).

3

*Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have had original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). In the removal action, Defendant points to statutory support for its argument that this Court has jurisdiction (Doc. 1, ¶ 5):

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). In her Response to USA's Motion to Dismiss, Martin concedes that this Court has jurisdiction in this action (Doc. 16, p. 2).

The undersigned finds that USA properly removed this action from the Wilcox County Circuit Court as this Court has exclusive jurisdiction over it under § 1346. Therefore, it is recommended

that Martin's Motion to Remand be denied (Doc. 7).

The Court will now take up USA's Motion to Dismiss (Doc. 3). Therein, Defendant argues that the FTCA bars Martin's action against Champion as USA has substituted itself for her (Doc. 3, pp. 2-3). Statutory language supports this argument:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

USA further argues that because Martin is receiving benefits under the Federal Employees' Compensation Act (hereinafter *FECA*), she cannot "double dip" by receiving funds from the FTCA (Doc. 3, pp. 3-4). FECA provisions support this argument:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with

5

> respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

5 U.S.C. § 8116(c). *See also Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000) ("the exclusive liability provision of FECA would bar an FTCA claim").

Finally, Defendant USA argues that Martin has not exhausted administrative remedies under the FTCA (Doc. 3, pp. 4-6). FTCA law requires that a claimant cannot seek money damages for personal injury caused by another employee while acting within the scope of their employment without first presenting the claim to—and the claim being denied by—the appropriate Federal agency. 28 U.S.C. § 2675(a). Defendant has submitted a declaration from the Supervisor of the Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center stating that Martin has not filed such a claim (Doc. 3, Exhibit D).

The Court notes that Plaintiff, without conceding any particular argument, has stated that she does not oppose

6

Defendant USA's Motion to Dismiss the action against Champion (Doc. 16, p. 2).

Therefore, finding all of Defendant's arguments persuasive while acknowledging Martin's general concession, the undersigned recommends that Defendant USA's Motion to Dismiss be granted (Doc. 3). In accord with that recommendation, it is further recommended that Defendant Champion, and substituted Defendant USA, be dismissed from this action.

The Court will now take up Plaintiff's renewed Motion to Remand (Doc. 17) in which she argues that dismissing Defendants Champion and USA leaves Bristol as the only Defendant. Martin points out that her claim against Bristol for breach of contract provides no independent basis for federal jurisdiction and was only in this Court because it was supplemental to the claims against Champion (Doc. 17). Plaintiff points out that statutory law affords district courts the option of declining supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

It has been recommended that the claims against Defendants Champion and USA be dismissed and that those Defendants be dismissed from this action. The undersigned has failed to independently conceive of any reason why this Court should continue to preside over what is now only a state law claim.

Defendant Bristol's silence reaffirms that conclusion.

Therefore, it is recommended that Martin's Motion to Remand be granted.  Accordingly, it is recommended that this action be remanded to the Wilcox County Circuit Court for all further proceedings.[5]

After consideration of all pleadings of record, the undersigned recommends that Plaintiff's Motion to Remand (Doc. 7) be denied, that Defendant USA's Motion to Dismiss (Doc. 3) be granted, and that Plaintiff's Motion to Remand (Doc. 17) be granted.  In connection with these recommendations, it is further recommended that Defendants Champion and USA be dismissed.  No recommendation is made as to Defendant Bristol's Motion to Dismiss (Doc. 13).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C.

---

[5] Affirmance of this recommendation means that the Court would not have jurisdiction to rule on Defendant Bristol's Motion to Dismiss (Doc. 13).  The undersigned makes no recommendation as to that motion.

8

§ 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 19th day of June, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE